UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MISTY D. BRANUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-351 |
| ) | (Phillips) |
| KIMBER LITTLETON, ) | |
| TIM GUIDER, in his official capacity as ) | |
| Sheriff of Loudon County, Tennessee, and ) | |
| LOUDON COUNTY, TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's complaint names Sheriff Tim Guider of Loudon County, Tennessee in his official capacity only. Sheriff Guider has moved the court for an order dismissing him as a party defendant. In support of his motion, Sheriff Guider states that a suit against him in his official capacity is simply a suit against Loudon County where he is employed, and therefore, any naming of him as a party defendant, officially, is redundant.

Plaintiff has responded in opposition, stating that she has specifically alleged causes of action (*i.e.,* failure to train) and theories of recovery (*i.e.,* T.C.A. 8-8-302) that are specific to Sheriff Guider.

First, to the extent that plaintiff has asserted claims against Sheriff Guider in his official capacity, such claims are in essence claims against Loudon County. *Monnell v. Dept of Social Servs of City of N.Y.*, 436 U.S. 658, 690 n. 55 (1978) (official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent).

Second, to the extent that plaintiff alleges that Sheriff Guider failed to properly supervise and train his employees, for a supervisor to be liable, "he must have engaged in an act of unconstitutional behavior", that is to say that the supervisor must have participated in the unconstitutional conduct. *Doe v. City of Roseville,* 296 F.3d 431, 441 (6th Cir. 2002). There is no *respondeat superior* liability available under § 1983. *Linell v. Dept of Social Services,* 436 U.S. 658, 691 (1978). A § 1983 action is not proper against a supervisor absent a showing of direct responsibility for any improper action. *Kolb v. State of Ohio*, 721 F.Supp. 885, 893 (N.D.Ohio 1989). Plaintiff's complaint contains no allegations that Sheriff Guider engaged in any acts outside of his official capacity.

Moreover, claims for inadequate training are claims against the municipality, not claims against an officer in his individual capacity. *See, e.g., City of Canton v. Harris,* 489 U.S. 378 (1989); *Bd. of Commissioners of Brian Co. v. Brown,* 520 U.S. 397, 412 (1997). Sheriff Guider cannot be liable for inadequate training in his individual capacity – Sheriff Guider can only be liable in his individual capacity if he at least implicitly authorized, approved or knowingly acquiesced unconstitutional conduct of subordinate officers. *See Poe v. Haydon,* 853 F.2d 418 (6th Cir. 1988); *Hayes v. Jefferson Co.,* 668 F.2d 869 (6th Cir.

1982); *Kombs v. Wilkenson,* 315 F.3d 548 (6th Cir. 2002). Because plaintiff fails to allege any facts that Sheriff Guider, who was not present during the acts complained of in plaintiff's complaint, engaged in active unconstitutional behavior, plaintiff's § 1983 claims against Sheriff Guider in his official capacity will be **DISMISSED.**

Last, Tenn. Code Ann. § 8-8-302 provides that "anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office." It appears that plaintiff is attempting to use this state statute to impose liability on Loudon County in a form of respondeat superior liability. The Sixth Circuit Court of Appeals in *Siler v. Webber*, 443 Fed.Appx. 50 (6th Cir. Aug. 22, 2011), held that Tenn. Code Ann. § 8-8-302 conflicts with the § 1983 prohibition on vicarious municipal liability, and may not be used to maintain a federal action. *Id.* at *3, quoting *Palmer v. Sanderson*, 9 F.3d 1433, 1438 (9th Cir. 1993) (holding that, after *Monell*, a state statute imposing vicarious liability on a sheriff for the conduct of his or her deputies is inconsistent with the laws of the United States, and thus may not be applied in a § 1983 action).

Accordingly, for the reasons stated above, the court finds Sheriff Guider's motion to dismiss [Doc. 10] well taken, and it is **GRANTED,** whereby Sheriff Guider is **DISMISSED** as a defendant in this action.

3

**IT IS SO ORDERED.**

                                **ENTER:**

                                s/ Thomas W. Phillips
                                United States District Judge